cases that failure to comply with 22 NYCRR 1022.11 (a) by providing defendants with notice in writing of their right of appeal constitutes "improper conduct" of counsel (CPL 460.30), some counsel continue to disregard the rules. Again, we remind defense counsel of their duty to comply with section 1022.11 (a). Present—Callahan, J. P., Doerr, Boomer, Lawton and Davis, JJ.

██ PEOPLE v DAVID JACKSON, Defendant.—Motion to extend time to take appeal granted. Memorandum: Defense counsel was guilty of improper conduct for failing to comply with 22 NYCRR 1022.11 (see, People v Loftly, 171 AD2d 1083 [decided herewith]; People v Works, 162 AD2d 982). Present—Callahan, J. P., Doerr, Boomer, Lawton and Davis, JJ.

██ PEOPLE v JAY SIMMONS, Defendant.—Motion to extend time to take appeal granted. Memorandum: Defense counsel was guilty of improper conduct for failing to comply with 22 NYCRR 1022.11 (see, People v Loftly, 171 AD2d 1083 [decided herewith]; People v Works, 162 AD2d 982). Present—Callahan, J. P., Doerr, Boomer, Lawton and Davis, JJ.

██ PEOPLE v BILLY ADAMS, Defendant.—Motion to amend order entered December 21, 1990 granted. Memorandum: We modify our order to recite that it was made as a matter of discretion. Present—Callahan, J. P., Doerr, Boomer, Lawton and Davis, JJ.

██ PEOPLE ex rel. VINCENT MORELLO, Petitioner, v FRANK IRVIN, as Superintendent of Wende Correctional Facility.—Motion to extend time to take appeal denied. Memorandum: Because petitioner failed both to serve and file his notice of appeal timely, we have no authority to extend his time to take an appeal (see, CPLR 5520 [a]). Present—Callahan, J. P., Doerr, Boomer, Pine and Davis, JJ.

██ PEOPLE, Respondent, v LYDIA ORTIZ, Appellant.—Motion to dismiss appeal granted. Memorandum: Defendant is presently unavailable to obey the mandate of the court (see, People v Burger, 70 NY2d 828; People v Ward, 143 AD2d 538, 539). Present—Callahan, J. P., Doerr, Boomer, Lawton and Davis, JJ.